UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PLAQUEMINES PARISH                          CIVIL ACTION

v.                                          NO. 13-6727

HILCORP ENERGY COMPANY, ET AL.              SECTION "F"


ORDER AND REASONS

Before the Court is the plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

Background

This case is one of several originally filed in state court against various defendants for alleged violations of permits issued pursuant to the State and Local Coastal Resources Management Act of 1978.  The defendants removed the case, and the Parish moves for remand.  This Court stayed proceedings until another section of this Court resolved a motion to remand presenting substantially identical issues.

On December 1, 2014, Judge Zainey granted remand in a thorough order and reasons.  See Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc., No. 13-6693, 2014 WL 6750649 (E.D. La. Dec. 1, 2014).  Judge Zainey found that the Court did not have jurisdiction based on diversity, the Outer Continental Shelf Lands Act, admiralty, or any federal question.  Shortly thereafter

1

and relying on Judge Zainey's order and reasons, Judge Africk also granted remand in the case before his section.  See Plaquemines Parish v. Rozel Operating Co., et al., No. 13-6722 (E.D. La. Jan. 29, 2015).  Last month Judge Lemelle remanded his four cases for substantially the same reasons.  See, e.g., Jefferson Parish v. Anadarko E&P Onshore LLC, et al., No. 13-6701 (E.D. La. Mar. 9, 2015).  This Court assumes familiarity with those opinions.

Here, the Parish asserts permit-violation claims relating to a different geographic area.  Although different areas and permits are involved, the cases are functionally indistinguishable.  It is enough to note that at least one defendant is a citizen of Louisiana; the conduct that allegedly violated the permits occurred within Plaquemines Parish and not on the outer continental shelf; and the Parish disclaims, at great length, any claims other than state-law permit violation claims.

In the Order granting the parties' joint motion to reopen this case, the Court "advise[d] that counsel should focus their arguments on why their cases are the same or distinguishable from those cases in which remand has already been granted in other Sections of Court."  See Order dated 2/11/15.  The Court noted Judge Africk's language in his Order and Reasons granting remand after Judge Zainey's decision:

> The Court . . . notes that it does not write on a blank canvas with respect to these issues.  The Court is persuaded by the

2

> thoughtful reason in <u>Total</u> [Judge Zainey's
> Case No. 13-6692] and sees little benefit in
> rehashing arguments that have been thoroughly
> aired and addressed.   Accordingly, the Court
> will address the parties' arguments only to
> the extent that they assert errors in the
> <u>Total</u> opinion or raise arguments not briefed
> in that case.

<u>Rozel</u>, No. 13-6722, p. 3.

### I.

A defendant's right to remove is strictly statutory in nature.  <u>See</u> <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 366 (5th Cir. 1995); <u>Syngenta Corp. Production, Inc. v. Henson</u>, 537 U.S. 28, 32 (2002) (citing <u>Great N.R. Co. v. Alexander</u>, 246 U.S. 276 U.S., 280 (1918) ("The right of removal is entirely a creature of statute.")).   The general removal statute governing civil actions provides:

> Except as otherwise expressly provided by Act
> of Congress, any civil action brought in a
> State court of which the district courts of
> the United States have original jurisdiction,
> may be removed by the defendant or the
> defendants.

28 U.S.C.A. § 1441(a) (emphasis added). Per § 1441(a), a defendant may remove a state court action only if the action could have originally been filed in federal court.  <u>Aaron v. Nat'l Union Fire Ins. Co.</u>, 876 F.2d 1157, 1160 (5th Cir. 1989) (citing <u>Caterpillar v. Williams</u>, 482 U.S. 386, 391-92 (1987); 28 U.S.C. § 1441).  Thus, the propriety of removal is keyed to the original jurisdiction of the federal district courts, and consideration of a motion to

remand a case removed from state court presents issues of subject matter jurisdiction and statutory construction. <u>Carpenter</u>, 44 F.3d at 365-66 (citing <u>Garrett v. Commonwealth Mort. Corp. of Am.</u>, 938 F.2d 591, 593 (5th Cir. 1991)).  The burden of establishing subject matter jurisdiction rests with the party seeking to invoke it. <u>St. Paul Reinsur. Co. v. Greenberg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing <u>Gaitor v. Peninsular & Occidental Steamship Co.</u>, 287 F.2d 252, 253-54 (5th Cir. 1961)).

II.

The parties dispute four potential bases for removal jurisdiction: (1) diversity, (2) OCSLA, (3) admiralty, and (4) the Natural Gas Act.

*A.   Diversity Jurisdiction*

As did the defendants in similar cases in other sections of this Court, the defendants here contend that the Court has diversity jurisdiction over this case because: (1) the Parish has egregiously misjoined in one suit independent actions against diverse and non-diverse defendants; and (2) the Parish cannot avoid diversity jurisdiction by claiming, with no authority, to represent the State of Louisiana.  Judges Zainey, Africk, and Lemelle have all rejected this argument, and the Court finds their reasoning persuasive.

Under the egregious misjoinder theory as promulgated by the Eleventh Circuit, the misjoinder of "wholly distinct" claims

4

against two groups of unrelated diverse and non-diverse defendants, having no real connection to the controversy, could not defeat the diverse defendants' right of removal.  Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, 204 F.2d 1069 (11th Cir. 2000). The Fifth Circuit recognizes two methods of misjoinder: (1) actual fraud in the pleading of jurisdictional facts; and (2) the inability of the plaintiffs to plead a cause of action against the non-diverse defendants in state court.  Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006).  Assuming that the Eleventh Circuit's test applies in this Circuit, the joinder here has not been shown to constitute egregious misjoinder.

Under the Louisiana Code of Civil Procedure, "[c]umulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one of more defendants."  La. Code Civ. Proc. art. 461.  In Louisiana state court, a plaintiff may cumulate claims against multiple defendants if "[t]here is a community of interest between the parties joined."  La. Code Civ. Proc. art. 463.  The causes of action share a community of interest if enough factual overlap is present to make it commonsensical to litigate them together.  Mauberret-Lavie v. Lavie, 850 So.2d 1, 2 (La. App. 4 Cir. 2003).

The defendants take issue with several aspects of Judge Zainey's analysis in Total, raising arguments that Judges Africk and Lemelle squarely rejected after Total. They contend that because the damages alleged will be individual to each defendant, and because their activities occurred in different areas and at different time periods, their joinder is egregious. They also argue that Judge Zainey improperly focused on the plaintiff's "holistic" remedy.

First, this case concerns four oilfields covering a contiguous area of 103 square miles, whereas the allegations in Total concerned seven oilfields located across at least 211 square miles. Second, Judge Zainey considered both the injury alleged and the remedy sought in finding that any misjoinder was not egregious. Although the Parish alleges several violations of various permits by various permit-holders, the factual overlap here, even more so than in Total, is the cumulative damage to the oilfields by all the defendants, thus making it commonsensical to try the alleged violations together. The Court joins the reasoning of Judges Zainey, Africk, and Lemelle in rejecting all arguments of egregious misjoinder. To the extent that Tapscott applies, the joinder in this case is not egregious. Thus, the Court lacks diversity jurisdiction.

B.   *OCSLA Jurisdiction*

The defendants object to Judge Zainey's ruling that the Outer Continental Shelf Lands Act is inapplicable.  They raise the same arguments that Judges Zainey, Africk, and Lemelle have already considered and rejected.  The Court agrees and adopts their opinions *in extenso*.  For the Court to have jurisdiction pursuant to OCSLA, the injury-causing activity must have been conducted on the Outer Continental Shelf.  This Court finds no basis to depart from the conclusions of Judges Zainey, Africk, and Lemelle.

C.   *Admiralty Jurisdiction*

The defendants contend that this Court has removal jurisdiction based on admiralty jurisdiction alone.  In <u>Bisso Marine Co. v. Techcrane Int'l, LLC</u>, No. 14-375, 2014 WL 4489618 (E.D. La. Sept. 10, 2014), this Court considered and rejected the defendants' interpretation of the effect of the 2011 amendments to the general removal statute; the defendants do not persuade the Court to change its analysis some seven months later.  They ask in the alternative that the Court deny remand and certify this Order under 28 U.S.C. § 1292(b) so that the Fifth Circuit can decide whether admiralty claims are now freely removable.  Although some other district courts have found that such claims are now removable, every section of this Court to consider the issue has found that they are not.  *See* <u>Anadarko E&P Onshore</u>, No. 13-6701, p. 14 (Lemelle, J.) (collecting cases).  The Court joins Judge Africk

7

in declining to exercise its discretion to certify this question for interlocutory appeal.

D.   *Natural Gas Act*

Tennessee Gas contends that its case is different from the others because any suit against it necessarily implicates the federal Natural Gas Act that vests regulatory authority in the Federal Energy Regulatory Commission.  Because the Parish's petition does not mention on its face the NGA or any federal law, the Parish understands Tennessee Gas to submit that the Court has jurisdiction despite the well-pleaded complaint rule, because (1) the NGA completely preempts any state-law complaint, and (2) the NGA raises a substantial federal question.

i.   Complete Preemption

It is settled law that "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).  See also Heimann v. Nat'l Elevator Industry Pension Fund, 187 F.3d 493, 500 (5th Cir. 1999) ("[O]rdinary preemption . . . is a federal defense to the plaintiff's suit and may arise either by express statutory term or by a direct conflict between the operation of federal and state law.  Being a defense, it does not appear on the face of a well-

8

pleaded complaint, and, thus, does not authorize removal to a federal court.").

Complete preemption, however, authorizes removal even if the complaint contains only state-law claims for relief or if the federal issue is initially raised solely as a defense. <u>Johnson v. Baylor University</u>, 214 F.3d 630, 632 (5th Cir. 2000) (quoting <u>Heimann</u>, 187 F.3d at 500 ("By way of contrast [to ordinary preemption], complete preemption is jurisdictional in nature rather than an affirmative defense to a claim under state law.")). To satisfy the test for complete preemption, which "few federal statutes can meet," a petitioner must show: "(1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable." <u>Heimann</u>, 187 F.3d at 500. Tennessee Gas does not even mention this test and thus, to the extent that it seeks to, fails to persuade the Court that the NGA completely preempts the claims at issue here.

ii. Substantial Federal Question

Tennessee Gas argues instead that removal is proper because the petition alleges claims that arise under federal law. Federal jurisdiction over a state-law claim will lie if a federal issue is:

(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.[1]  Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013).

First, Tennessee Gas contends that the Parish's claims "necessarily raise" several federal issues.  It submits that the Parish's prayer for relief, which includes "actual restoration of the Plaquemines Parish Coastal Zone to its original condition" encroaches on FERC's exclusive authority over the operation of interstate natural gas pipelines pursuant to sections 7(b) and 7(e) of the NGA; that any duty Tennessee Gas owed to the Parish arises only under the NGA; and that a party must exhaust administrative remedies before challenging a FERC order in a federal appellate court.[2]  The Parish counters that Tennessee Gas fails to identify any specific federal issue, relying instead on generalizations. The Parish contends that the duty Tennessee Gas owed to the Parish is clearly laid out in La. R.S. 49:214.21, not in the NGA or FERC regulations.

---

[1]  Because Tennessee Gas's argument fails after the first two prongs, the Court need not reach whether the alleged federal issue in dispute is substantial or whether it can be resolved in federal court without disrupting the federal-state balance approved by Congress.

[2]  The Court notes with curiosity that if Tennessee Gas's arguments are correct, not only is a state court an improper forum, but this Court is as well.  The NGA provides that challenges to FERC orders must be heard in a federal circuit court of appeals.  Tennessee Gas has not sought to dismiss this case for that reason.

10

Second, Tennessee Gas contends that "federal issues are actually disputed," questioning the authority of Louisiana state law to act in an area it believes preempted by federal law. Specifically, Tennessee Gas writes:

> TGP disputes that a Louisiana state court can:
>
> · impose conditions of operation that differ from those required by the NGA certificates; authorize or require the suspension or termination of interstate natural gas pipeline operations;
>
> · impose its own purely local preferences for the use of national ratepayer funds collected for the post-operation restoration activities of an interstate pipeline;
>
> · find that state law can impose environmental duties and obligations that differ from or are in addition to those comprehended by the FERC orders; or
>
> · direct a former owner of interstate natural gas pipeline facilities to engage in conduct respecting the operation of a pipeline abandoned in conformity with FERC's orders.

In other words, the only federal issue in dispute is the preemptive force of the NGA. This argument is an indirect attempt to show, without tackling directly the hard-to-meet test for complete preemption, that the NGA completely preempts state law. See California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. Hardesty Sand & Gravel, No. 11-2278, 2012 WL 639344, at *5 (E.D. Cal. Feb. 24, 2012) ("Because the only federal question presented is whether the permit is preempted, the removal of the action is governed by whether there is jurisdiction based on complete

preemption."). In failing to brief the issue of complete preemption, Tennessee Gas has not carried its burden of demonstrating that this Court has removal jurisdiction. A defense of preemption can be raised in state court. See Heimann, 187 F.3d at 500.

Accordingly, for the foregoing reasons, IT IS ORDERED that the motion to remand is hereby GRANTED. The case is REMANDED to the state court from which it was removed, for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, April 29, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE